# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

No. 1D17-5076

———————————————

JUSTIN COWART-DARLING,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

———————————————

On appeal from the Circuit Court for Levy County.
Mark W. Moseley, Judge.

October 18, 2018

ROWE, J.

Justin Cowart-Darling challenges his convictions and sentences for possession of cocaine and possession of drug paraphernalia. He entered a plea but reserved the right to appeal the trial court's denial of his dispositive motion to suppress items seized from his vehicle following a traffic stop and a sniff test of his vehicle by a drug detection dog. For the reasons that follow, we find that the trial court correctly denied the motion to suppress, and affirm.

*Facts*

Deputy Kevin Kinik conducted a traffic stop of Cowart-Darling's vehicle at 10:28 p.m. on February 17, 2017. When the

deputy asked for his license and registration, Cowart-Darling gave the deputy his registration and informed the deputy that he did not have his driver's license on him. Deputy Kinik conveyed Cowart-Darling's legal name and date of birth to dispatch to verify Cowart-Darling's identity and to check for outstanding warrants.

Deputy Kinik observed that Cowart-Darling's hands were shaking and that he kept moving his right hand towards his right hip area. This conduct prompted the deputy to call for assistance while he wrote Cowart-Darling a traffic citation. While writing the ticket, Deputy Kinik explained to Cowart-Darling that he was a K-9 officer and asked if there was anything in the car that could cause a drug detection dog to alert. Cowart-Darling shook his head up and down in an affirmative gesture. When the deputy asked about the nature of the illegal substance, Cowart-Darling denied having anything illegal in the vehicle.

Deputy Jeremiah Roe responded to Deputy Kinik's call for assistance at 10:40 p.m. At this point, Deputy Kinik still had not heard back from dispatch about whether Cowart-Darling had any outstanding warrants. Deputy Kinik retrieved his canine, "Zombie," from the car and proceeded to conduct a sniff search of Cowart-Darling's vehicle. Zombie alerted to the driver's side door, where a syringe and a spoon with a powdery residue were located. The powdery substance was field tested and tested positive for cocaine.

Following his arrest, Cowart-Darling moved to suppress the evidence seized during the sniff search, arguing that Deputy Kinik did not have reasonable suspicion to delay the traffic stop or to take his canine around the vehicle for a sniff search. The trial court denied the motion to suppress, finding that Cowart-Darling's nervousness combined with the fact that he did not have his driver's license was sufficient to give Deputy Kinik reasonable suspicion to conduct a search of the vehicle. The trial court further found that Cowart-Darling's conflicting answers about whether there were illegal substances within the vehicle gave Deputy Kinik reasonable suspicion to conduct a sniff search. Finally, the trial court attributed any delay in the stop to Cowart-Darling's failure to have his driver's license.

Cowart-Darling pleaded no contest to possession of cocaine and possession of drug paraphernalia and was placed on drug offender probation for eighteen months. This timely appeal follows.

*Analysis*

A trial court's factual findings on a motion to suppress are afforded a presumption of correctness. *Rigterink v. State*, 66 So. 3d 866, 884 (Fla. 2011). The trial court's application of the law to the facts is reviewed de novo. *Id.*

Cowart-Darling argues that his motion to suppress should have been granted because the traffic stop was prolonged merely to effectuate a dog sniff of the vehicle. The United States Supreme Court has held that, absent reasonable suspicion of criminal activity, a traffic stop may last no longer than necessary for an officer to address the traffic violation that warranted the stop and attend to related safety concerns. *Rodriguez v. United States*, 135 S.Ct. 1609, 1614 (2015). A stop may last long enough for an officer to check drivers' licenses, search for outstanding warrants, and inspect registrations and proofs of insurance. *Id.* at 1615. But a traffic stop may not be prolonged to conduct a dog sniff unless the officer has reasonable suspicion of criminal activity. *Id.* at 1616.

Here, the traffic stop was still in progress when the deputy conducted the dog sniff of Cowart-Darling's vehicle. Because Cowart-Darling did not have his driver's license, Deputy Kinik was required to call dispatch with Cowart-Darling's identifying information to determine whether he was in fact the person he claimed to be and whether he had any outstanding warrants. The trial court found from the testimony presented at the suppression hearing that Deputy Kinik did not hear back from dispatch before he deployed Zombie to conduct a sniff search of Cowart-Darling's vehicle. Thus, the trial court properly attributed the prolonging of the traffic stop to Cowart-Darling's failure to have his driver's license, not the deputy's decision to conduct a search of the car. *Id.* (holding that verifying a driver's identity is an ordinary inquiry in a traffic stop).

3

Further, Deputy Kinik had a reasonable, well-founded suspicion of criminal activity to justify detaining Cowart-Darling. A reasonable suspicion is a particularized and objective basis for suspecting the person stopped of criminal activity. *Brown v. State*, 224 So. 3d 806, 809 (Fla. 2d DCA 2017). It cannot be based on mere nervousness. *Cf. Maldonado v. State*, 992 So. 2d 839 (Fla. 2d DCA 2008) (holding that the facts the defendant lied about the origin of his trip, exhibited signs of nervousness, and traveled on a known drug corridor in the early hours of the morning were insufficient to give rise to a reasonable suspicion of criminal activity). Further, an investigative detention is valid as long as a reasonable suspicion exists, but if the investigation dispels the concern that gave rise to the investigation, the suspect may no longer be detained. *Ikner v. State*, 756 So. 2d 1116, 1119 (Fla. 1st DCA 2000).

This was not a case of mere nervousness. While Cowart-Darling exhibited signs of nervousness (his hands were shaking and he kept moving his hand to his right hip area), this was not the sole reason Deputy Kinik decided to search the vehicle. Deputy Kinik developed reasonable suspicion when Cowart-Darling moved his head up and down indicating an affirmative response to the deputy's inquiry about whether there were illegal substances in the vehicle. Cowart-Darling's subsequent verbal denial that there were illegal substances in the car was insufficient to dispel the deputy's concern. If anything, Cowart-Darling's conflicting answers heightened the deputy's suspicion that criminal activity was afoot.

Accordingly, because Deputy Kinik had a reasonable suspicion of criminal activity sufficient to detain Cowart-Darling, and because the traffic stop was not unlawfully prolonged, we find that the trial court properly denied the motion to suppress, and we AFFIRM the judgment and sentence.

KELSEY and M.K. THOMAS, JJ., concur.

4

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Andy Thomas, Public Defender, and Laurel Niles, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Tabitha Herrera and Kaitlin Weiss, Assistant Attorneys General, Tallahassee, for Appellee.